UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-71-RJC
(3:07-cr-195-RJC-4)

| | |
|---|---|
| ALEJANDRO VILLAREAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion to vacate will be dismissed.

**I. BACKGROUND**

On February 11, 2008, Petitioner was found guilty after a jury trial of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two). (Criminal Case No. 3:07-cr-195-RJC, Doc. No. 164: Judgment). The jury found that at least five kilograms of cocaine was attributable to Petitioner. (Id., Doc. No. 101: Jury Verdict). This Court subsequently sentenced Petitioner to 360 months of imprisonment on Count One, and to 240 months of imprisonment on Count Two, to run concurrently, for a total of 360 months of imprisonment. (Id.). The Court entered judgment on November 26, 2008. (Id.). Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction on November 6, 2009. United States v. Villareal, 350 Fed. App'x 840 (4th Cir. 2009). Petitioner did not file a

1

petition for a writ of certiorari in the Supreme Court. On January 24, 2016, this Court reduced Petitioner's sentence to 324 months under U.S.S.G. Amendment 782. (Criminal Case No. 3:07-cr-195-RJC, Doc. No. 233).

On January 30, 2017, Petitioner placed the instant motion to vacate in the prison mail system, and the motion was stamp-filed in this Court on February 16, 2017. As his sole ground for relief, Petitioner contends that this Court sentenced Petitioner in violation of his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), because the Court, rather than the jury, found facts that increased his sentence beyond that authorized by the facts found by the jury. Specifically, Petitioner challenges this Court's factual findings, at sentencing, that (1) the amount of cocaine reasonably foreseeable to Petitioner was over 190.48 kilograms, thus increasing his base offense level,[1] and (2) that the money laundering was the product from the drug proceeds, resulting in a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B).

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that no response is necessary from the United States and the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] Petitioner contends that this Court used a 150 to 450 kilogram range to assign Petitioner a base offense level of 38 based on the drug quantity, and this resulted in a longer sentence than the maximum that would have been available under the Guidelines when using a base offense level of 30.

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, as noted, the Fourth Circuit affirmed Petitioner's conviction on November 6, 2009, and he did not file a petition for certiorari review with the Supreme Court. His conviction, therefore, became final ninety days later, on February 4, 2010. See Clay v. United States, 537 U.S. 522, 527 (2003). Because Petitioner did not file his motion to vacate until February 16, 2017, his motion is untimely under § 2255(f)(1). Second, there is no allegation that the Government impeded Petitioner's ability to timely file his § 2255 motion and, thus, his motion is not timely under 28 U.S.C. § 2255(f)(2). Third, Petitioner's motion is not based on a newly recognized right made retroactively applicable by the Supreme Court;

3

therefore, his motion is also not timely under 18 U.S.C. § 2255(f)(3).

Petitioner contends that the petition is timely under § 2255(f)(4). Petitioner has asserted no newly discovered facts, however, upon which he may proceed under § 2255(f)(4). Petitioner contends in his petition that the facts supporting his claim "were not discovered until he received the necessary information from his attorney which he sought on numerous occasions. Petitioner requested information from the above party concerning his sentencing transcripts." (Doc. No. 1 at 4). Petitioner contends that the "facts" discovered consisted of "information Petitioner received [which] revealed that his sentence violates the Sixth Amendment right to a jury trial whenever the district court adopted the recommendation in the presentence report that he was responsible for 190.48 kilograms of cocaine and used this drug quantity to establish his base offense level under 2D1.1, which violates the Sixth Amendment under United States v. Booker." (Id.). Petitioner would have been aware, however, as of his trial and sentencing of this "fact." Therefore, his claim that his petition is timely under Section 2255(f)(4) fails. Petitioner may be attempting to argue, as well, that he has recently learned of the Supreme Court's decision in Booker. Although under Johnson v. United States, 544 U.S. 295, 308-09 (2005), "facts" under § 2255(f)(4) may include court rulings and the legal consequences of known facts, the court ruling must have occurred in the petitioner's own case. Court rulings such as Booker, which clarify legal standards as opposed to facts affecting the petitioner's own case, are not "facts" within the meaning of § 2255(f)(4).² See Walton v. United States, No. 2:07-CR-017-F, 2013 WL 1309277,

---

² In any event, Booker was decided more than a decade ago, in 2005. Moreover, even after Booker and its progeny, "a sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as a part of its calculation of an advisory Guidelines range . . . so long as its resulting sentence is within the relevant statutory range." United States v. Brooks, 524 F.3d 549, 562 (4th Cir. 2008). Here, because the jury found that at least five kilograms of cocaine were attributable to Petitioner, Petitioner faced a statutory sentence of ten years to life

at *3 (E.D.N.C. Mar. 28, 2013) (unpublished). Finally, Petitioner has asserted no exceptional circumstances justifying equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (defining "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time).

In sum, for the reasons stated herein, the petition shall be dismissed as time-barred.[3]

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion to vacate is dismissed with prejudice as time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

imprisonment on Count One under 21 U.S.C. § 841(b)(1)(A). The drug weight found at Petitioner's sentencing did not raise his statutory minimum or maximum, but was instead used to establish the advisory guidelines range for sentencing. The same is true of this Court's finding at sentencing regarding the two-level enhancement on the money laundering count. Finally, because Petitioner did not raise this claim on direct appeal, it also appears to be procedurally defaulted, and he has raised no grounds to excuse the default.

[3] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner has addressed the statute of limitations issue thoroughly in his petition, contending that his petition is timely under Section 2255(f)(4). Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 28, 2017

Robert J. Conrad, Jr.
United States District Judge